■ In the Matter of NORTH FERRY Co., INC., Respondent, v SUFFOLK COUNTY LEGISLATURE et al., Appellants. [708 NYS2d 144] —In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Legislature dated June 2, 1998, which, upon granting the petitioner's application for a rate increase, imposed eight conditions, the appeal, as limited by the brief of the Suffolk County Legislature and Robert Gaffney, is from so much of a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated March 22, 1999, as vacated seven of the eight conditions.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner North Ferry Co., Inc. (hereinafter North Ferry), is a for-profit New York business corporation licensed by the Suffolk County Legislature to provide ferry service for passengers and vehicles between Shelter Island and Greenport, on Long Island's mainland. North Ferry applied to the Suffolk County Legislature for a rate increase. The Budget Review Office submitted a report on the application to the Suffolk County Legislature, in which it listed its concerns about the manner in which North Ferry intended to use the money it

would receive from a rate increase. In accordance with the recommendations in the report, the Suffolk County Legislature passed a resolution approving the rate increase, but imposed eight conditions upon the approval. North Ferry then commenced this proceeding seeking to annul the eight conditions, and the Supreme Court vacated seven of the eight conditions.

While the Suffolk County Legislature had the implicit power to impose reasonable fiscal conditions upon the approval of North Ferry's application for a rate increase pursuant to Suffolk County Code § 287-3, it could not interfere with North Ferry's internal accounting procedures and corporate decision-making, nor could it usurp the responsibilities, duties, and functions consigned by law exclusively to North Ferry's officers, directors, and shareholders (*see, Matter of Penny Lane/E. Hampton v County of Suffolk,* 191 AD2d 19, 23, 26; Business Corporation Law §§ 103, 624, 710, 715). Conditions one to five, seven, and eight constituted such improper interference, and were properly vacated. S. Miller, J. P., Friedmann, Florio and Smith, JJ., concur.